UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALONZO BASKIN,

       Petitioner,

v.                                    Case No.: 8:10-cv-1721-T-24-TBM
                                                    8:99-cr-211-T-24-TBM

UNITED STATES OF AMERICA,

       Respondent.

_____/

**ORDER**

      This cause comes before the Court on Petitioner Alonzo Baskin's Motion for Reconsideration of the Court's March 1, 2011 order denying his motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 16.) Also before the Court is Petitioner's "Second Request for Reconsideration to His First Request, Which Is Still Pending Reconsideration" (Civ. Dkt. 17), as well as Petitioner's "Motion of Request for Judicial Consideration," (Civ. Dkt. 18), which the Court construes as a third motion for reconsideration.

      In his first Motion for Reconsideration (Civ. Dkt. 16), Petitioner argues that the Court "erred in not considering the facts that his Title 28 U.S.C. Section 2255(f)(3) Motion is jurisdictional based on the filing of Johnson v United States, 130 S.Ct. 1265, within the one year requirement." He also urges the Court to reconsider his "Armed and or Career Offender Status, and his Actual Innocence of his Armed and or Career Offender Status."

Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted). In his motion, Petitioner has re-stated the same arguments and reasons for relief that the Court previously denied in its prior order. The Court specifically ruled that *Johnson* does not provide relief to Petitioner because it has not been applied retroactively to post-conviction relief motions, and therefore his petition was untimely. Furthermore, the Court ruled that Petitioner would still qualify as a career offender based on his prior convictions for aggravated assault and the sale of cocaine, both of which are predicate offenses for purposes of the career offender enhancement.

Additionally, the Court rejects Petitioner's contention that he was erroneously sentenced because he is actually innocent of his career offender status. To appropriately raise this issue, Petitioner was required to make this argument at the time of sentencing and then again on direct appeal. He did neither. The Eleventh Circuit recently addressed this issue in *McKay v. United States*, __ F.3d __, 2011 U.S. App. LEXIS 19422, at *20 (11th Cir. Sept. 22, 2011) (emphasis added), and said:

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. *No circuit court has held that the actual innocence exception is available for claims of purely legal innocense, like McKay's, and we refuse to do so as well.*

Accordingly, Petitioner's claim is procedurally defaulted and must be denied.

In conclusion, viewing the motion liberally, the Court has found no basis for

reconsideration of its prior order.  Accordingly, Petitioner's motion for reconsideration of the Court's March 1, 2011 order denying his motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 falls short of the required showing for reconsideration, and must be **DENIED**.  Likewise, his second and third motions for reconsideration (Civ. Dkts. 17, 18) are also **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of October, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record